# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SELINET OTERO, | ) |
| Plaintiff, | ) ) |
| | ) No. 10 C 2284 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| The CITY OF CHICAGO and the POLICE DEPARTMENT OF THE CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Selinet Otero, a Chicago police officer, brought this suit against her employer alleging employment discrimination on the basis of sex and national origin. She brings her claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. Defendants now move to dismiss her claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court grants the motion in part and denies it in part.

### *BACKGROUND*

Otero alleges the following facts in her amended complaint, which the Court must accept as true for purposes of Defendants' Rule 12(b)(6) motion. *Disability Rights Wisc., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

On or about May 21 and 24, 2004, Otero's supervisor, Sergeant Paul Jaske, disciplined her for obtaining gasoline at a fueling station where Jaske did not allow officers to get fuel. The police department never disciplined a male employee for using that fueling station. On or about May 24, 2004, Jaske disciplined Otero for ignoring his repeated requests that she go out with him

1

to lunch. Otero reported Jaske's actions to the police department. The department failed to adequately investigate her complaint. According to the charge of discrimination she later filed with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC), which is attached to her complaint, the department's investigation did not conclude until January 2007.

Otero claims that since her internal complaint, the department has repeatedly subjected her to disparate treatment, either on the basis of sex, or as retaliation for making the complaint. She has been labeled as a troublemaker and has been shunned by other officers and supervisors. By June 30, 2006, she was twice denied placement on the Department's Tactical/Gang Team. In May 2007, the Department denied her placement in a CAPS Office. In January 2008 the Department denied her placement on the Burglary Mission Team.

On November 6, 2007, Otero filed a charge of discrimination with the IDHR and EEOC, claiming discrimination on the basis of sex and retaliation. On January 15, 2010, the EEOC issued to Otero a notice of her right to sue on the basis of her charge. She filed this lawsuit on April 14, 2010 and filed her amended complaint on September 2, 2010.

## *DISCUSSION*

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss under federal notice pleading, a claimant must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v.*

*Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the claimant's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

## II. Analysis

### A. Police department as defendant

Defendants first move to dismiss the Chicago Police Department as a defendant because it is not a suable entity. *See Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991). Otero does not oppose the motion in this respect. Thus, the Court dismisses the police department as a defendant with prejudice.

### B. National origin discrimination

The City also moves to dismiss Otero's claims of national origin discrimination because she failed to include them in her EEOC charge and because she fails to state a claim of such discrimination in her amended complaint. Otero argues that while her EEOC charge did not explicitly mention national origin discrimination, the complaint provided the City with enough notice that if it read the complaint liberally, it would have reasonably expected such a claim. For support of her argument, Otero cites *Oranika v. City of Chicago*, No. 04 C 8113, 2005 WL 2663562, *4 (N.D. Ill. Oct. 17, 2005) for the statement that "an allegation of discrimination on the basis of being Nigerian strongly implies discrimination on the basis of color and race, as well. Therefore, it can reasonably be expected that an EEOC investigation of [the plaintiff's] national origin discrimination claim would lead to an investigation of race and color discrimination." Not only does Otero provide the wrong citation for this case, and suggest that the opinion was that of the Seventh Circuit Court of Appeals, rather than an unpublished opinion of the district court, but the case provides no support for her argument anyway as it is easily

3

distinguishable. Nothing in Otero's EEOC charge suggested that she suffered from national origin discrimination. She did not just fail to use those words explicitly and fail to check the box referencing national origin as a basis for discrimination, she made no allegation whatsoever that would support or imply such a claim. Thus, the Court must dismiss Otero's Title VII claim of discrimination on the basis of national origin. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

In fact, Otero still fails to provide a basis for her claim of national origin discrimination in her amended complaint. Only once in the complaint does she mention her national origin as a basis of the City's conduct and she does not provide a single factual allegation that supports the claim. All of her allegations of discrimination state that she was treated differently than male employees. She says nothing about employees of a different national origin. In fact, she never even mentions what her national origin is. For this reason, the Court must also dismiss her claim of national origin discrimination under § 1983. The Court need not reach the question of whether § 1983 provides for such a claim.

### C. Sex discrimination and retaliation

The City first moves to dismiss Otero's claims of sex discrimination and retaliation on the ground that she fails to allege that she suffered an adverse employment action. The City argues that Otero's complaints about not being granted the assignments she requested do not rise to the level of an adverse employment action. The City's argument fails for two reasons. First, Otero describes the denied transfers as promotions. The denial of a promotion undoubtedly qualifies as an adverse employment action under Title VII. *Rhodes v. Ill. Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004). While the City may be correct that those transfers are not properly described as promotions as there are no accompanying increases in pay or benefits, the

Court must accept Otero's allegations as true and cannot consider facts outside her complaint at this stage. Second, insofar as Otero alleges that the City's decision not to transfer her was an act of retaliation in response to her complaints of discrimination and harassment, the standard for determining what constitutes a materially adverse employment action is somewhat different. In the context of alleged retaliation, the Court must consider whether the City's conduct would be likely to deter victims of discrimination from complaining to the EEOC. *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 741 (7th Cir. 2011) (noting that "context matters to the determination of what constitutes a materially adverse action"). Under that standard, even a negative performance evaluation might constitute an adverse employment action. *Id.* Thus, depending on the specific facts of the case, denied transfers might provide sufficient grounds for a claim. *Cf. O'Neal v. City of Chicago*, 588 F.3d 406, 409-10 (7th Cir. 2009) (holding that because repeated, unwanted transfers within the Chicago police department might affect an officer's opportunities for future advancement, and thus might deter activity protected by Title VII, those transfers could qualify as adverse employment actions within the context of a claim of retaliation).

The Court recognizes that Otero's allegations are somewhat scant, and that she provides little detail in describing what "discipline" she suffered when she used the wrong fueling station and refused her supervisor's requests for lunch. Nonetheless, Otero is not required to provide a great deal of detail at this stage of the proceedings. The fact that she suffered some level of discipline for refusing her supervisor's advances makes her claim for discrimination plausible. Thus, dismissal would be inappropriate.

The City also argues that Otero's allegations are insufficient to state a claim of discrimination because she fails to allege that she performed her job satisfactorily. However, this

argument demonstrates a misunderstanding of what Title VII requires. Not only is Otero not required to plead satisfactory job performance, she is not required to prove it in order to prevail on her claims unless she proceeds under the indirect, or burden-shifting, method of proof. *Leonard v. E. Ill. Univ.*, 606 F.3d 428, 431 (7th Cir. 2010).

Finally, the Court also rejects the City's argument that many of Otero's claims are untimely, at least for the time being. Title VII does bar claims about an employer's actions that took place more than 300 days before the claimant filed an EEOC charge. *See* 42 U.S.C. § 2000e-5(e)(1). It is also true that many of Otero's allegations concern events that occurred years before she filed her charge. However, in her charge, Otero alleged that the City did not complete its investigation of her internal complaint until January 2007. If this is true, then the City's failure to remedy the hostile work environment that Otero faced may have continued until that date. *See Saxton v. Amer. Tel. & Tel. Co.*, 10 F.3d 526, 532 n.11 (7th Cir. 1993). The Court will not penalize Otero for waiting to see if her employer would resolve her claims internally before bringing them before the EEOC. Thus, until the Court has facts concerning the timing of Otero's internal complaint and the length and conclusion of the internal investigation, Otero may proceed on her claims that she was harassed by her supervisor and the City failed to remedy the situation.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' motion to dismiss insofar as it concerns the police department as a party and Plaintiff's claims of national origin discrimination, but DENIES it insofar as it concerns Plaintiff's claims of sex discrimination and retaliation.

IT IS SO ORDERED.

6/6/11
Dated

Hon. William J. Hibbler
United States District Court